UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ROGER H. RAMADAR,                                    22-CV-1088

                    Plaintiff,                      **COMPLAINT**

        -against-                                    **PLAINTIFF DEMANDS
                                                     TRIAL BY JURY**
THE LONG ISLAND RAILROAD COMPANY,

                    Defendant.
------------------------------------X

Plaintiff, **ROGER H. RAMADAR**, complaining of defendant, by his attorneys, THE LAW OFFICE OF PHILIP P. VOGT, P.C., respectfully shows to this Court and alleges, upon information and belief:

## PRELIMINARY STATEMENT

Plaintiff, ROGER H. RAMADAR, an employee of the defendant, THE LONG ISLAND RAILROAD COMPANY, was injured in the course of his employment for the defendant, THE LONG ISLAND RAILROAD COMPANY (LIRR), on February 10, 2020, on Track #3 at the Atlantic Terminal Tunnel, Brooklyn, New York, by reason of the defendant's failure to provide him with a safe work place.

## JURISDICTION AND VENUE

**FIRST:** The action herein arises under the Federal Employers' Liability Act, Title 45, United States Code Annotated, §§51-60, as hereinafter more fully appears.

1

**SECOND**: The place of the occurrence giving rise to this action is located in Kings County in the State of New York.

## THE PARTIES

**THIRD**: The plaintiff, **ROGER H. RAMADAR**, is a resident of the County of Queens in the State of New York and at all times hereinafter mentioned was employed by the defendant, THE LONG ISLAND RAILROAD COMPANY, as a Track Worker.

**FOURTH**: At all times herein mentioned, the defendant, THE LONG ISLAND RAILROAD COMPANY (hereinafter "LIRR"), was a railroad corporation organized and existing under and by virtue of the laws of the State of New York.

**FIFTH**: At all times herein mentioned, the defendant, LIRR, was and still is doing business in the County of Queens, City and State of New York.

**SIXTH**: At all times herein mentioned, the defendant, LIRR, was and now is a common carrier by rail engaged in interstate commerce between different states in the United States

## AS AND FOR A FIRST CAUSE OF ACTION

**SEVENTH**: On February 10, 2020, plaintiff, ROGER H. RAMADAR, was working on Track #3 at the Atlantic Terminal Tunnel, Brooklyn, which track was owned by defendant.

2

**EIGHTH:**  On the date aforesaid, plaintiff was working at the place aforesaid which was operated by defendant.

**NINTH:**  On the date aforesaid, plaintiff was working at the place of the occurrence herein controlled by defendant.

**TENTH:**  On the date aforesaid, as plaintiff was working at the area described in Paragraph "SEVENTH" above, while he was carrying a bucket of lag screws he was caused to roll (twist) his left ankle when he stepped on a railroad tie that was covered with ballast resulting in a serious injury to his left ankle with concomitant pain, suffering and disability all as a result of the negligence of defendant; the track upon which plaintiff was required to walk and work was not a safe place to work as it very dark and contained a tripping/slipping hazards.

**ELEVENTH:**  Plaintiff's duties generally in defendant LIRR's employ were substantially in furtherance of interstate commerce, and directly, closely and substantially affected such commerce.

**TWELFTH:**  At the time of the said occurrence, plaintiff was engaged in duties for defendant LIRR in furtherance of interstate commerce, said duties directly, closely and substantially affecting such commerce.

**THIRTEENTH:**  Said occurrence and the injuries resulting therefrom were the result of the negligence of defendant, its agents, servants and employees in the following respects: in that employees of defendant were careless and negligent in the

3

performance of their duties; in that defendant's employees were negligent in the operation and work of defendant's railroad business; in that defendant maintained the work place in an improper, defective and dangerous condition; in that defendant failed to provide plaintiff with a safe place in which to work; failed to provide the plaintiff with safe equipment and safe work methods with which to work; in that employees of defendant failed to take proper precautions to prevent the injury sustained by plaintiff; in that defendant failed to make proper and adequate provision for the safety of plaintiff; in that defendant failed to promulgate and enforce proper and adequate rules for the safe conduct of the work and the operation of its railroad; in failing to guard against those risks and/or dangers which defendant knew or by the exercise of due care should have known; in failing to exercise reasonable care to provide plaintiff with a safe place to work, reasonably safe conditions in which to work and reasonably safe tools, work methods and equipment; in failing to inspect the place of work and work procedure; in failing to exercise reasonable care in assigning this particular task to plaintiff; in failing to consider the plaintiff's particular physical condition before assigning the tasks to him; in negligently instructing the plaintiff to perform tasks with a number of men and/or a procedure or method which would result in injury; in causing, allowing, suffering

4

and/or permitting said workplace to be and remain in an unsafe, dangerous, precarious and hazardous condition; in failing to warn plaintiff of the dangers associated with the prescribed work method being employed; in failing to provide sufficient and properly placed artificial illumination to permit the plaintiff to see said ballast debris upon the tie and avoid it; in failing to provide adequate minimal acceptable lighting at said work site; in failing to provide the necessary level of lighting to permit the work to be done safely; in failing to properly and adequately position the artificial illumination at said work site and to avoid glare; in using the wrong artificial lighting source; in positioning the artificial lighting source improperly; in failing to properly illuminate the work area; in failing to provide adequate lighting; in failing to provide proper and adequate artificial lighting which was so placed and operated to provide complete visualization of the work site including the walking-working surface; in providing artificial lighting so placed and operated so as to cause night blindness; in causing, allowing, suffering and or permitting debris including ballast to be strewn upon the walking-working surface of the work zone; in placing ballast on the tie; in failing to remove the ballast from the tie after having a reasonable opportunity to do so; in failing to properly police the work zone for debris; in failing to keep the walking-working surface

5

of the work zone clean and free of "falling hazards"; in violating its own safety rules and regulations and the accustomed practice in the industry including LIRR Safety Rules 1.01.1 in failing to protect fellow employees; 1.01.6 in failing to make sure employee was familiar with and complied with all safety rules; in failing to inform plaintiff of the unusual hazard at said work site; in failing to continuously supervise the work for compliance with safe work practices; 1.02.2(3) in failing to assess the work area for hazards and the need for protective equipment; 100.0.1 in failing to create a safe work environment; 100.0.4 in failing to keep the work area clean, orderly and free of unprotected hazards; 200.1(3) in failing to warn of unsafe conditions; 200.3(1) in failing to ensure the work was done in a safe manner, (2) in failing to observe and correct or instruct the plaintiff, (3) in failing to warn and continuously observe and supervise the work, (4) in failing to instruct the plaintiff about the potential hazard; 300.3.1 in failing to remedy tripping/slipping hazards, and in failing to provide sufficient artificial light so placed and operated to allow for safe movement in the work zone; 300.3, in failing to inspect the work site for dangerous conditions and take action to prevent harm; in violating OSHA regulations 29 CFR Sections 1926.20 in failing to perform adequate inspection of the job site; 1926.21(b)(2) in failing to instruct the plaintiff in the

6

recognition and avoidance of unsafe conditions; 1926.26 in failing to provide proper and adequate illumination at this work site; 1926.26 in failing to provide the minimum illumination requirements for work areas as required by OSHA 1926.56(a) Table D3; 910.22(a)(1) in failing to keep the walking-working surface of the work zone in a clean and orderly condition; 1910.22(a)(3) in failing to keep the walking-working surface of the work zone free of hazardous conditions; 1910.22(d)(1) in failing to regularly and as necessary inspect the walking-working surface of the work zone; 1910.22(d)(2) in failing to correct the walking-working surface of the work zone or prevent its employees from walking on it.

**FOURTEENTH:** Said occurrence and the injuries resulting therefrom were due wholly and solely to the negligence of defendant, its agents, servants and employees, and the defects in defendant's property and equipment as aforesaid, without any fault or negligence on the part of plaintiff contributing thereto.

**FIFTEENTH:** By reason of the premises, plaintiff was severely and seriously injured; suffered and will continue in the future to suffer pain and injury; has become sore, lame and disabled, and will be permanently injured; has lost and will lose in the future sums of money which he otherwise would have earned; has been compelled to spend sums of money and incur

liability for medical treatment and medicine, and will incur such expenses in the future.

**SIXTEENTH:** By reason of the premises, plaintiff has been damaged in the sum which exceeds the minimum jurisdictional requirements of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION

**SEVENTEENTH:** Plaintiff, **ROGER H. RAMADAR**, repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "FIRST" through "SIXTEENTH" inclusive with the same force and effect as if hereinafter set forth fully at length.

**EIGHTEENTH:** That the defendant's violation of 29 CFR 1926 and 1910 sections set forth above constitutes negligence *per se*.

**NINETEENTH:** That these sections of 29 CFR 1926, and 29 CFR 1910 are the type of statute referred to in 45 U.S.C. Section 53 and 54a and pursuant to 45 U.S.C. Sections 53 and 54a the defense of comparative negligence is unavailable to the defendant in this case.

**TWENTIETH:** By reason of the premises, plaintiff has been damaged in a sum which exceeds the minimum jurisdictional requirements of this Court.

**TWENTY-FIRST:** Pursuant to Federal Rules of Civil Procedure

8

Rule 38, Plaintiff, **ROGER H. RAMADAR**, hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

    **WHEREFORE**, plaintiff demands judgment against the defendant on each cause of action in a sum which exceeds the minimum jurisdictional requirements of this Court, together with the costs and disbursements of this action.

Dated: New York, New York
       March 1, 2022

                        Respectfully submitted,

                        LAW OFFICE OF PHILIP P VOGT PLLC
                        Attorneys for Plaintiff

                        By: _____
                        PHILIP P. VOGT - PV0377
                        5 Penn Plaza - 23rd Floor
                        New York, New York 10001
                        (212) 835-1640
                        PhilipPVogt@PVogtlaw.com